**EASTMAN MACHINE COMPANY, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 420, Docket 87–6126.

United States Court of Appeals, Second Circuit.

Argued Nov. 19, 1987.

Decided March 4, 1988.

Donald C. Lubick, Buffalo, N.Y. (Robert J. Lane, Jr., Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y., on the brief), for plaintiff-appellant.

John J. Boyle, Washington, D.C. (William S. Rose, Jr., Acting Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Tax Div., Dept. of Justice, Washington, D.C., Roger P. Williams, U.S. Atty., W.D.N.Y., Buffalo, N.Y., on the brief), for defendant-appellee.

Before LUMBARD, KEARSE and ALTIMARI, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Eastman Machine Company ("Eastman") appeals from a judgment of the United States District Court for the Western District of New York, John T. Elfvin, *Judge*, dismissing its complaint to recover $229,932 in income tax penalties paid to the Internal Revenue Service ("IRS") pursuant to § 6653 of the Internal Revenue Code of 1954 ("Code"), 26 U.S.C. § 6653 (1976), as a penalty for the fraudulent underpayment of tax in connection with the late filing of Eastman's federal income tax return for the year 1972. Eastman sought the refund on the ground that its return should not be deemed late because Eastman had requested and been granted an extension of time in which to file the return. The district court granted the government's motion for summary judgment dismissing the complaint, finding that Eastman's return had not been timely filed. On appeal, Eastman argues principally that summary judgment was inappropriate because there was a genuine issue as to whether the IRS had implicitly granted an extension of time to file Eastman's return. We agree and, accordingly, we vacate the judgment dismissing the complaint and remand for further proceedings.

## I. BACKGROUND

### A. *The Filing of the 1972 Return*

Eastman's federal income tax return for 1972 was due to be filed on March 15, 1973. On April 12, 1973, Eastman's accountants, Lucker, Kennedy & Felmeden ("Lucker"), wrote the IRS requesting an extension of time to file the return. The letter was accompanied by, *inter alia*, a Form 7004 "Application For Automatic Extension of Time to File Corporation Income Tax Return" and an affidavit. The Lucker letter stated that "[t]he accompanying affidavit ... explains the circumstances giving rise to this request for consideration of the application for extension of time and also a waiver of penalty which may otherwise be due." The affidavit, signed by a law partner of James H. Heffern, the lawyer who customarily had prepared Eastman's tax returns, stated that Heffern had been ill in

1972–73; that he had informed Eastman that it should hire an accountant, as he would not be able to complete the company's 1972 returns; that he had agreed to file requests for extensions of time in which to file the returns; that because of his illness, Heffern had failed to file the requests; and that the omission was not discovered until after the March 15 due date. Eastman's conversations with IRS representatives in connection with the delayed return are described in Part I.B. below; the IRS did not respond in writing to Eastman's request for an extension.

Eastman filed its return on April 27, 1973. The return showed total tax in the amount of $459,864.67, of which more than $200,000 had previously been paid as estimated tax payments; Eastman paid the remaining amount due with the return. The return was accompanied by copies of the April 12 Lucker letter and accompanying documents requesting an extension and a waiver of penalties, an executed Form 4571 "Explanation for Late Filing of Return or Late Payment of Tax" dated April 25, 1973, and a covering letter dated April 24, 1973, requesting that "consideration be given to a waiver of penalties relating to the late filing of [the return]."

On April 27, the IRS revenue officer who processed Eastman's application wrote on the back of Eastman's Form 4571: "Waive all penalties. Reasonable cause is accepted by this R.O." In July 1973, the IRS issued a statement of tax due. The statement showed interest due on the tax that should have been paid by March 15, but it did not assess a penalty.

In 1975, it came to light that during 1972, Eastman's president had diverted corporate income to himself. This had caused an underreporting of Eastman's taxable income on the 1972 return, and an understatement of Eastman's tax liability in the amount of $59,983. When these facts were discovered, the IRS, attributing civil fraud to Eastman because its president had been its principal officer and principal stockholder, assessed civil fraud penalties against Eastman pursuant to 26 U.S.C. §§ 6653(b) and (c). As they then existed, § 6653(b)

imposed a penalty in "an amount equal to 50 percent of the underpayment" of tax, and § 6653(c) defined "underpayment" in terms of the amount of the taxpayer's actual tax liability less any tax shown on a return that was filed on or before its due date "determined with regard to any extension of time for such filing." Invoking these provisions, the IRS assessed a penalty of $29,992 with respect to the $59,983 of tax that was not shown on Eastman's 1972 return (a penalty that Eastman does not contest), plus a penalty of $229,932 with respect to the $459,865 tax that Eastman had shown and paid on its 1972 return prior to the discovery of the president's diversions.

Eastman paid the entire penalty in 1980 but filed an administrative claim with the IRS seeking a refund of the $229,932, asserting that in April 1973 it had asked for and de facto been granted an extension of time in which to file its 1972 return. Thus, it argued, the return was timely filed, and the tax of $459,865 shown on that return (and paid by Eastman in or before 1973) should not have been considered part of its "underpayment." The IRS denied the administrative claim.

### B. The Present Lawsuit

In 1981, Eastman filed the present action to recover the $229,932 penalty, plus interest and attorneys' fees. The government moved for summary judgment dismissing the complaint on the ground that it was undisputed (1) that Eastman had not filed its 1972 return until after the due date; (2) that Eastman had requested an "automatic" extension of its time to file the return; (3) that under § 6081(b) of the Code and Treas.Reg. 1.6081–3(a)(2), such a request "must be filed on or before the date prescribed for the filing of the return," 26 C.F.R. § 1.6081–3(a)(2) (1987); see 26 U.S.C. § 6081(b) (1976); and (4) that Eastman had not made its request until after the return was overdue.

Eastman sought and eventually obtained discovery from the government, and subsequently cross-moved for summary judgment in its favor. Eastman argued in effect that although an application for an "automatic" extension would have been untimely, its request had sought a discretionary extension, see 26 U.S.C. § 6081(a) (1976). It contended that since the request was never denied and no late-filing penalties were assessed, it had de facto been granted an extension of time in which to file the return. In support of its motion, Eastman presented evidence

—that it hand-delivered its April 12 request for an extension to the IRS and discussed the extension with IRS representative Jack Migliore; that Migliore inquired how soon the tax return could be prepared; and that when he was told it should be ready within two weeks, Migliore said he would hold the correspondence and application forms until the return was delivered to him;

—that on April 27, Eastman hand-delivered the return to Migliore, who stated that he would forward the file to the IRS's Andover processing center with a favorable recommendation;

—that the IRS never informed Eastman that its request for an extension was denied;

—that the IRS was unable to produce the original of the Lucker letter dated April 12 requesting the extension;

—that the IRS did produce Eastman's original Form 7004, and that this document bore no notation of either granting or denial of the request for extension;

—that the Form 4571 produced by the IRS bore on the reverse side the notation by the revenue officer that he accepted the explanations as showing "reasonable cause," and that penalties should be waived; and

—that the IRS's notice of tax due stated that no penalty was imposed.

Eastman argued that the evidence supported its contention that the IRS had implicitly granted its request for a discretionary extension. Thus, Eastman contended, the 1972 return had been timely filed, and the fraud penalty should have been assessed only with respect to the tax not shown on its 1972 return.

The district court granted the government's motion for summary judgment. Noting that the government argued that even with respect to a request for discretionary extension pursuant to § 6081(a) of the Code, Treas.Reg. § 1.6081–1(b) provided that an application for an extension "shall" be submitted on or before the due date of the return, 26 C.F.R. § 1.6081–1(b) (1987), and finding that Eastman "clearly failed to meet this requirement," the court concluded as follows:

> The only basis the plaintiff has asserted for stating that an extension of time had been granted are that an application had been submitted requesting an extension, that no late-filing penalty had been assessed pursuant to 26 U.S.C. § 6651(a)(1) and that the IRS failed to expressly grant or deny the application. These facts are inadequate to establish that the relevant tax returns had been timely filed. It is thus found that, although the assessment of the civil fraud penalty here may have been harsh, the plaintiff's return had not been timely filed and that the civil fraud penalty had been properly assessed.

The complaint was dismissed, and this appeal followed.

## II. DISCUSSION

On appeal, Eastman contends principally that summary judgment was improperly granted because there was a disputed issue of material fact as to whether the requested extension was granted. In addition, it argues that it should prevail even if the IRS did deny the requested extension, because such a denial was contrary to Congress's tax policy—especially as revealed in the current version of § 6653—and was an abuse of discretion. The government, emphasizing that both the return and the request for an extension were filed after the March 15 deadline had passed, argues that summary dismissal of the complaint was proper because (1) under Treas.Reg. § 1.6081–1(b), the IRS lacked the authority to extend the time to file a return where the request for extension was made after the date prescribed by law for filing the return, and (2) Eastman failed to present

evidence that the IRS did grant it an extension. We reject the government's contention that the IRS had no power to grant an extension request made after the filing date had passed, and we conclude that Eastman's factual presentation showed the existence of a genuine dispute as to whether the IRS granted Eastman's request for an extension.

### A. *IRS Power To Grant Retroactive Extensions*

█ If it were true that the IRS had no power to grant an extension of time to file a return unless the request for extension was made before the time to file had expired, we would agree with the government that as a matter of law there could have been no timely filing of Eastman's return, and summary judgment would have been proper. However, we find the government's premise untenable for several reasons.

First, the language of the regulation relied on does not deal with IRS authority. Treas.Reg. § 1.6081–1(b) provides, in pertinent part, that

> [a] taxpayer desiring an extension of the time for filing a return, statement, or other document shall submit an application therefor on or before the due date of such return, statement, or other document.

While the regulation sets a deadline for the filing of an extension request, the command is directed to the taxpayer. The regulation does not on its face impose any limitation on the IRS's power to grant relief from that deadline.

Second, and more importantly, even if the regulation purported to deny the IRS the power to grant retroactive relief, we would disagree that it could properly have that effect, for § 6081(a) of the Code provides that the IRS

> may grant a reasonable extension of time for filing any return, declaration, statement, or other document required by this title or by regulations. Except in the case of taxpayers who are abroad, no

such extension shall be for more than 6 months.

26 U.S.C. § 6081(a). Except for the stated six-month provision, this Code section gives the IRS wide discretion, neither placing any other temporal limitation on the granting of an extension for the filing of a return nor making the power to grant such an extension dependent on when the request was made. Further, it authorizes the IRS to grant such an extension to file a document that is required by IRS regulations. Given this power to extend with respect to a document whose filing the regulations require categorically, it would be illogical to believe that the IRS has any less power to extend with respect to a document that the taxpayer is required to file only if he wants something. Hence, we conclude that the IRS had the power to grant an extension not only of the deadline the Code set for the filing of the return but also of the deadline the IRS had, by regulation, set for the taxpayer's request for extension. The IRS could perhaps choose uniformly to deny every belated request for an extension; but such a choice would at best be an exercise of its discretion, not an obligation imposed upon it by the Code nor a power limitation it could lawfully impose upon itself in light of the Code.

Finally, it does not appear that the IRS has in fact uniformly denied belated requests for extensions. Eastman has submitted, as an example, the text of an IRS response to another taxpayer's Request for Ruling where the request was made some six weeks after that taxpayer's return was due and five weeks after it was filed. The taxpayer stated that, because of a mailroom snafu, its income tax return "was not timely filed as required by Section 6081 of the Code." The IRS issued a Private Letter Ruling in which it "granted an extension of time ... in which to file [the] federal income tax return." Though such a ruling is not precedent requiring the IRS to grant an extension in another case, it is nonetheless evidence that the IRS does not unwaveringly consider itself powerless to grant an extension of time to file an income tax return where the request for extension has been made after the time to file has passed.

For the above reasons, we reject the government's contention that the IRS did not have the power to grant Eastman's late request for an extension.

### B. *Whether an Extension Was Granted*

The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The function of the district court in considering the motion for summary judgment is not to resolve disputed issues of fact but only to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986); *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The fact that both sides move for summary judgment does not guarantee that there is no material issue of fact to be tried. *See Schwabenbauer v. Board of Education*, 667 F.2d 305, 313–14 (2d Cir. 1981). In determining whether there is a genuine issue of fact, the court is required to assess each motion on its own merits and to view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of that party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam). If the presentation by the nonmoving party in support of its version of the facts is such that the court could not properly direct a verdict against it in a jury trial, or enter a judgment in favor of the moving party notwithstanding a verdict favorable to the nonmoving party, the motion for summary judgment may not properly be granted. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511 (summary judgment standard "mirrors the standard for a directed verdict under [Fed.R.Civ.P. 50(a)]"); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2524, at 541–42 (1971) (standard for assessing sufficiency of evidence to create an issue of fact for jury "is the same

whether it arises in the procedural context of a motion for directed verdict or of a motion for judgment notwithstanding the verdict").

In the present case, we conclude that Eastman's factual presentation in the district court was sufficient to warrant denial of the government's motion for summary judgment. Taken in the light most favorable to Eastman, that evidence showed that on April 12, Eastman hand-delivered its request for an extension to IRS representative Migliore; Migliore's response was not that the request was untimely or that it was denied; he inquired as to how long an extension would be needed. On April 27, Eastman delivered the return and a renewed request for penalty waiver and the extension; Migliore stated that he would forward the file to Andover with a favorable recommendation. At no point did the IRS advise Eastman that its request for an extension was denied. On no document produced in this action did the IRS make any notation that the request for an extension was denied. A document on which the IRS might have noted the granting of the extension, i.e., the original request for extension, apparently has been lost by the IRS and has not been produced.

To be sure, the revenue officer's notation on the back of Eastman's Form 4571, opining that any penalty should be waived because "reasonable cause" had been shown, is consistent with the possibility that the extension had been denied and that the return was therefore not timely filed. *See* 26 U.S.C. § 6651(a) (1976). Nonetheless, the record as a whole contains evidence from which a factfinder, drawing all permissible inferences in favor of Eastman, might reasonably conclude that the IRS implicitly granted Eastman's request for an extension and that the return was thus timely filed. Such a conclusion would be neither reversible as a matter of law under Fed.R.Civ.P. 50 nor "clearly erroneous" within the meaning of Fed.R.Civ.P. 52(a).

In sum, we conclude that the IRS had the power to grant the extension requested by Eastman and that the district court could not properly determine as a matter of law that the IRS did not grant the request.

### C. *Eastman's Abuse-of-Discretion Contention*

Finally, we note that Eastman has argued, both here and in the district court, that if it be found that the IRS impliedly denied its request for an extension, that denial was an abuse of discretion and the requested extension should thus be treated as granted. In support of this contention, Eastman argues that the definition of "underpayment" with reference to timely filings was designed to reach conduct that is not at issue here, and it points out, *inter alia,* that Congress has amended § 6653 to allow a taxpayer to avoid an unduly onerous penalty by establishing that some portion of the underpayment "is not attributable to fraud." 26 U.S.C.A. §§ 6653(b)(1)(A) and (b)(2) (West Supp.1987). The district court did not address Eastman's abuse-of-discretion contentions, and we leave them for consideration, if necessary, on remand.

### CONCLUSION

The judgment of the district court summarily dismissing the complaint is vacated and the matter is remanded for further proceedings not inconsistent with this opinion.