In re 1634 ASSOCIATES, a New York Limited Partnership, Debtor.

BERISFORD, INC., Berisford Capital Corporation, and Berisford Properties (USA) Ltd., Plaintiffs,

v.

STROOCK & STROOCK & LAVAN, Defendant.

Bankruptcy No. 90–B–13969 (BRL).
Adversary Proceeding No. 92–1119A (BRL).

United States Bankruptcy Court, S.D. New York.

Aug. 17, 1993.

Kleban & Samor, P.C. (Elliot I. Miller, of counsel), Southport, CT, for Berisford, Inc.

Stroock & Stroock & Lavan (James A. Frechter, Brian Cogan, of counsel), New York City, for Stroock & Stroock & Lavan.

*ABSTRACT OF BENCH RULING ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT RE INTER ALIA APPLICABILITY OF 11 U.S.C. § 548(b) TO AN INDIRECT TRANSFER TO A GENERAL PARTNER*

BURTON R. LIFLAND, Chief Judge.

On November 29, 1990, an involuntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1993), was filed against the Debtor. An order for relief, appointment of a Chapter 11 Trustee and confirmation of a Plan ensued. The instant motions arise out of an adversary proceeding between Berisford, Inc., Berisford Capital Corp. and Berisford Properties (USA) Ltd. (hereinafter **"Berisford"**) and Stroock & Stroock & Lavan (hereinafter **"Stroock"**). Berisford, acting as successor in interest to all avoidance actions of the Debtor's estate pursuant to the terms of a confirmed Trustee Liquidating Plan of Reorganization and to a Stipulation and Order entered by this Court, has asserted four causes of action against Stroock. The first two are based upon alleged fraudulent conveyances under §§ 548(b) and 548(a)(2)(A) of the Bankruptcy Code respectively. The third is a preference action under § 547(b) of the Code. The fourth is based upon alleged fraudu-

lent conveyances under §§ 274 and 275 of New York Debtor and Creditor Law.

Stroock has requested partial summary judgment with regard to Berisford's first and third claims for relief. Berisford has filed a cross motion for partial summary judgment with regard to its third claim for relief.[1]

*Factual Background*

1634 Associates (hereinafter **"the Debtor"**) is a single-asset New York real estate limited partnership formed for the purpose of purchasing, improving and leasing the building, land and other property located at 16 East 34th Street, New York, New York. Joseph Neumann (hereinafter **"Neumann"**) was the general partner in a number of limited partnerships, including the Debtor, and was a principal shareholder and officer of several corporations (collectively, **"the Neumann Entities"**).

In the Spring of 1989, a number of the Neumann Entities, including the Debtor, were experiencing financial difficulties. As a result, in April of 1989, Neumann retained Stroock & Stroock & Lavan, a New York law firm, for the purpose of restructuring the Neumann Entities. In connection with the restructuring and related workout, Stroock provided services valued in excess of $2.6 million, $420,000 of which was paid by the Debtor. Of that $420,000, $320,000 was paid within one year of the November 29, 1990 filing of the Debtor's involuntary Chapter 11 bankruptcy petition.

As a result of these transfers Berisford, based on allegations of preferential and fraudulent transfers to Stroock, began the present adversary proceeding in which the cross motions for partial summary judgment are presently pending.

*Discussion*

Pursuant to Fed.R.Civ.P.Rule 56, applicable to bankruptcy proceedings through Bankruptcy Rule 7056, summary judgment may be granted providing there is no genu-ine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). In determining whether summary judgment is appropriate, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. Moreover, where the movant is entitled to a judgment as a matter of law, "courts should not be reluctant to grant summary judgment when a trial would serve no useful purpose." 6 James W.M. Moore *et al., Moore's Federal Practice* ¶ 56.02[1] (2d ed. 1993), *citing Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

### I. *Summary Judgment Under § 547(b)*

■ With regard to Berisford's preference action under § 547(b), Stroock's motion should be granted as a matter of law. Section 547(b), the operative provision of § 547, authorizes the trustee to avoid a transfer only if each of the following five elements are met. First, the transfer must be to or for the benefit of a creditor. Second, the transfer must be for or on account of an antecedent debt owed by the debtor before the transfer was made. Third, the transfer must have been made at a time when the debtor was insolvent. Fourth, the transfer must have been made during the 90 days immediately preceding the commencement of the case. However if the transfer was to an insider, the trustee may avoid the transfer if that transfer was made anywhere between the 90th day and one year before the filing of the petition provided that the insider to whom the transfer was made had reasonable cause to

---

**1.** Berisford sought to withdraw its third cause of action during the summary judgment argument. However, due to the informal nature of the withdrawal offer, to which Strook objected, the motions are treated here as they were presented prior to oral argument and are dealt with accordingly.

believe the debtor was insolvent at the time the transfer was made. Finally, the transfer must enable the creditor to or for whose benefit it was made to receive a greater percentage of the claim than would have been received under the distributive provisions of the Bankruptcy Code.

Berisford alleges that because Neumann, the general partner of the Debtor, caused the Debtor to transfer money to pay Neumann's personal legal bills, those transfers should be considered preferences, avoidable under § 547(b) of the Code. However, even assuming these allegations to be true, these payments do not satisfy § 547(b)'s preference requirements. If Berisford is correct and the money was used to pay Neumann's debts, not the Debtor's, then the payment was not made "for or on account of an antecedent debt *owed by the debtor*" as is required under the second element of § 547(b).

Moreover, § 547(b) would still be inapplicable as a matter of law even if the antecedent debt was in fact owed by the Debtor, thus making Stroock the creditor which benefitted from the transfer. Because the transfers were made more than 90 days prior to the Debtor's bankruptcy filing, Stroock would have had to be an "insider" in order for a preference to exist. Neither party alleges that Neumann's relationship with Stroock rendered Stroock an insider. As the transfers were made outside the 90 day window, the elements of § 547(b) are not met.

Therefore, even if there are factual issues involving other aspects of this adversary proceeding and regardless of how the facts relevant to this motion are construed, Berisford has failed to demonstrate the applicability of § 547(b) as a matter of law. Berisford's claim for a voidable preference under § 547(b) must fail. Stroock's motion for partial summary judgment with respect to the first claim of the complaint is hereby granted.

## II. *Summary Judgment Under § 548(b)*

■ Turning now to Stroock's second motion for partial summary judgment, at issue is whether payments made by the Debtor to Stroock were fraudulent conveyances under § 548(b) of the Code. Section 548(b) states:

> The trustee of a partnership debtor may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, to a general partner in the debtor, if the debtor was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

Stroock argues that unless the transfer is made directly to the general partner, which both parties agree it was not, § 548(b) is facially inapplicable and summary judgment should be granted. Berisford has cross moved for summary judgment, alleging that § 548(b) is meant to encompass indirect as well as direct transfers and therefore the section is applicable.

While questions of statutory construction and legislative history present legal issues that may be resolved by summary judgment, *Heublein, Inc. & Subsidiaries v. U.S.*, 996 F.2d 1455, 1461–62 (2d Cir.1993) *citing Okla. ex rel. Dep't of Human Servs. v. Weinberger*, 741 F.2d 290, 291 (10th Cir. 1983), *cert. denied*, 466 U.S. 971, 104 S.Ct. 2343, 80 L.Ed.2d 817 (1984), a court is not required to grant judgment as a matter of law for one side or the other when there are material issues of facts precluding a final determination even if both sides have moved for summary judgment. *Heublein*, at 1461–62 *citing Schwabenbauer v. Board of Educ.*, 667 F.2d 305, 313 (2d Cir.1981).

Both parties agree that Neumann, in his capacity of general partner of the Debtor, caused the Debtor to transfer $320,000 to Stroock and that these payments were made more than 90 days prior to the Debtor's filing for bankruptcy on November 29, 1990, but less than a year from that date. There is significant disagreement, however, as to whether these legal bills were incurred by Neumann personally or by the Debtor.

At the outset this court must determine whether § 548(b) is meant to encompass indirect as well as direct transfers to the general partner. There is a paucity of case law on this issue. Historically, the term "transfer" has been granted a broad interpretation. As far back as 1901 the Supreme Court stated that the term should be interpreted such that:

All technicality and narrowness of meaning is precluded. The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from ownership and possession of one to another, and by which the result forbidden by the statute may be accomplished.

*Pirie v. Chicago Title & Trust Co.*, 182 U.S. 438, 444, 21 S.Ct. 906, 908, 45 L.Ed. 1171 (1901). This interpretation has endured over time. More recently, in *Barnhill v. Johnson*, ── U.S. ──, ──, 112 S.Ct. 1386, 1390, 118 L.Ed.2d 39 (1992) the Supreme Court stated, "We acknowledge that § 101(54) adopts an expansive definition of transfer ..."

The word "transfer" has also been unambiguously defined within the Bankruptcy Code itself to encompass both direct and indirect transfers. 11 U.S.C. § 101(54) specifically defines "transfer" to mean:

every mode, *direct or indirect*, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption (emphasis added).

Given the Supreme Court's pronouncements with regard to the broad interpretation of the term and the clear language of § 101(54), this court can only conclude that § 548(b) is meant to encompass indirect as well as direct transfers to the general partner of a partnership.

Stroock makes an argument that an interpretation of § 548(b) which includes indirect as well as direct transfers would render § 547(b)'s specific reference to transfers "to or for the benefit of" a creditor superfluous. While there is some basis to this argument, any other interpretation of § 548(b) excluding indirect transfers would not only contradict the language of § 101(54) and the pronouncements of the Supreme Court, it would also undermine the goals of § 548(b).

Section 548(b) is designed to prevent the general partner from taking advantage of its insider status by appropriating funds belonging to the estate prior to bankruptcy filing. It parallels the goals of § 547 aimed at preventing inside creditors from doing the same. Just as courts have recognized that § 547 would be thwarted if inside creditors were free to make indirect transfers for their benefit, so would the spirit of § 548(b) be violated if a general partner was permitted to transfer indirectly what it could not transfer directly.

For these reasons, this court finds that § 548(b) applies to any transfer, "direct" or "indirect" which benefits the general partner. Therefore Stroock's motion for summary judgment on the basis that § 548(b) is inapplicable as a matter of law is hereby denied.

■ Moreover, because there are material issues of fact which are as of yet, unresolved, Berisford's cross motion for summary judgment must fail as well. Berisford, as the moving party, has the burden of showing that there are no genuine issues of material facts in dispute. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Eastman Mach. Co. v. U.S.*, 841 F.2d 469, 473 (2d Cir.1988). Berisford has failed to meet this burden. At this point there are material issues of fact involving, among other things, questions of whether the Debtor paid for legal fees incurred on its own account, thus precluding a finding that the general partner benefitted from the transfer, and whether the Debtor was in fact making an indirect transfer to its general partner. These material issues of fact preclude summary judgment with regard to this claim. Stroock's motion and Berisford's cross motion for summary judgment are hereby denied.

In light of the foregoing, Berisford's fraudulent conveyance actions arising un-

der §§ 548(b) and 548(a)(2)(A) of the Bankruptcy Code and §§ 274 and 275 of New York Debtor and Creditor Law remain in dispute and will be resolved pursuant to a full trial on the merits.

**SO ORDERED.**