**B & A MARINE CO., INC., Plaintiff,**

v.

**AMERICAN FOREIGN SHIPPING CO., INC. and Harry W. Marshall, Defendants.**

**No. 89 CV 0788 (SJ).**

United States District Court, E.D. New York.

Aug. 27, 1993.

Charles Haydon, Dublirer, Haydon, Straci & Victor, New York City, for plaintiff.

Robert Crotty, Kelley Drye & Warren, New York City, for defendants.

## MEMORANDUM AND ORDER

JOHNSON, District Judge.

Plaintiff B & A Marine Co., Inc. commenced this diversity action against Defendants American Foreign Shipping Co., Inc. and Harry W. Marshall for defamation. Defendants move for 1) an order granting summary judgment, and dismissing the complaint, pursuant to Fed.R.Civ.P. ("Rule") 56 and 2) an order pursuant to Fed.R.Civ.P. 15(a) for leave to amend their answer to plead affirmative defenses. For the reasons stated below, Defendant's motion for summary judgment is granted.

## I. BACKGROUND

On August 1, 1984, the United States Department of Transportation, Maritime Administration ("MARAD"), and American Foreign Shipping Co., Inc. ("AFS"), represented by its president, Captain Harry W. Marshall ("Marshall"), entered into a service agreement. Under this agreement, AFS would act as MARAD's general agent in managing and conducting the maintenance and repair of ships for the "Ready Reserve Force" ("RRF").[1] In September 1987, B & A commenced repair work on two RRF ships, the S.S. Cape Ann and S.S. Cape Avinof, after successfully bidding on the contract with MARAD.

In January 1988, after having already commenced work on the two ships, B & A expressed to AFS and MARAD that it was unable to meet its deadline and was experiencing prohibitive cost overruns. All three parties met on February 1, 1988 to discuss the problems B & A was having in meeting its contractual obligations. After this meeting, Marshall sent a letter dated February 3, 1988 to B & A stating in relevant part:

> In the event that you are unable to immediately provide assurances satisfactory to us as to your ability and resources to complete the Contracts on the subject ves-

---

1. The RRF is comprised of ships that can be used for defense purposes in time of national emergency.

sels, we consider it prudent to alert your bonding companies of the possibility of default in the performance of the Contracts.

Captain Marshall sent his draft to George Howard Thurbon ("Thurbon") of MARAD for review and revision. MARAD added the following language:

> B & A Marine Co., Inc. has placed itself in a default situation by falling behind the contract schedule. MARAD is hereby notifying the appropriate insurance companies by copy of this letter that B & A Marine Co., Inc. is in default of its contract obligations.

On or about February 9, 1989, MARAD telecopied the redrafted letter to Marshall with instructions to incorporate MARAD's changes and to retype the letter on AFS stationery. Marshall retyped the letter and sent it back to MARAD. Thurbon reviewed the letter and directed Marshall to sent it to B & A and its bonding companies.

## II. ANALYSIS

### Standard for Summary Judgment

■■■ Defendants Marshall and AFS move for summary judgment pursuant to Rule 56. Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Eastman Machine Co. v. United States*, 841 F.2d 469, 473 (2d Cir.1988). No genuine issue exists

> unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted). In making this determination, the court is required to view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). In addition, summary judgment is appropriate against a nonmovant who, after adequate time for discovery, fails to establish the existence of an element that is essential to his case and on which he will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552; *United States v. Pilot Petroleum Associates, Inc.*, 712 F.Supp. 1077, 1081 (E.D.N.Y.1989).

### A. Immunity for Federal Employees under FTCA

■■■ Defendants Marshall and AFS contend that they are entitled to summary judgment because they are immune from suit as they are federal employees for the purposes of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Sovereign immunity shields the Government, and its employees, from liability. Under the FTCA, the Government relinquishes its sovereign immunity for certain tortious acts of the Government and its employees, thereby enabling an injured party to bring suit against the Government, but not its employees. The Government has not waived its sovereign immunity for libel and slander. 28 U.S.C. § 2680(h). Where the Government has not relinquished its sovereign immunity, the FTCA precludes any action for damages against the Government or its employees. *United States v. Smith*, 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991).

■■■ For the purposes of the FTCA, employees of the United States are "[p]ersons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States whether

with or without compensation." 28 U.S.C. § 2671. Here, MARAD, a federal agency, hired AFS and Marshall to serve as its general agency in managing the overhaul of RRF ships. Thus, Marshall and AFS are clearly "employees of the United States."

The only question remaining is whether AFS and Marshall were acting in the scope of their employment at the time the allegedly libelous letter was drafted. Notwithstanding the fact that the Government has not certified that AFS and Marshall were employees acting within the scope of their employment pursuant to 28 U.S.C.A. § 2679, this Court may issue a ruling to that effect. Defendants have submitted an affidavit from George Howard Thurbon stating that MARAD inserted the allegedly libelous language and directed Marshall to send letter to B & A's bonding companies. Plaintiffs have failed to put forth any affirmative evidence creating an issue of fact on this matter. B & A merely makes conclusory statements that it can prove that the Defendants did not act in the course of their employment. Based upon the evidence submitted, the Court must conclude that Marshall and AFS were acting in the scope of their employment and are therefore immune from suit.

## III. CONCLUSION

For the reasons stated above, the motion for summary judgment is hereby granted.