William M. McCARTHY,
Plaintiff–Appellant,

v.

NEW YORK CITY TECHNICAL COLLEGE OF CITY UNIVERSITY OF NEW YORK, City University of New York and City of New York, Defendants–Appellees.

Docket No. 97–9243.

United States Court of Appeals,
Second Circuit.

Argued April 28, 1998.

Decided Jan. 13, 2000.

---

Joseph E. Gulmi, New York, N.Y. (Annmarie P. Venuti, Richards & O'Neil, LLP, New York, N.Y., of Counsel), for Plaintiff–Appellant.

Thomas Litsky, Assistant Attorney General, New York, N.Y. (Dennis C. Vacco, Attorney General of the State of New York, John W. McConnell, Deputy Solicitor General, Robert A. Forte and Annemarie Prudenti, Assistant Attorneys General, of Counsel), for Defendants–Appellees.

Before: NEWMAN and LEVAL, Circuit Judges, and WEXLER, District Judge.*

Judge JON O. NEWMAN files a concurring opinion.

LEVAL, Circuit Judge:

Plaintiff William M. McCarthy appeals from a judgment of the United States District Court for the Southern District of New York (Peter K. Leisure, *Judge* ) dis-

missing his claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). After a jury verdict in plaintiff's favor, the court granted the motion of defendant New York City Technical College ("the College") to set aside the verdict and render judgment as a matter of law. The district court concluded that there was no evidence from which a rational jury could conclude that age discrimination was a factor in defendant's decision to terminate McCarthy's employment. We affirm.

## BACKGROUND

After retiring from the New York City Police Department, plaintiff was hired in 1980 as Director of Security at the College in Brooklyn, New York. (JA, 985–86; Blue, 2) The College is one of 18 campuses of the City University of New York ("CUNY").[1] At the time of his hiring, McCarthy was 50 years old.

Under the collective bargaining agreement applicable to McCarthy's position, McCarthy's appointment was subject to annual review for reappointment. Until 1991, McCarthy's immediate supervisor was the College's director of fiscal operations, Frank Smith. In each of the eleven years Smith supervised McCarthy, Smith completed a performance evaluation rating McCarthy's performance as "excellent" or "very good" in all categories. McCarthy received a civil service rank promotion in 1985 and annual salary increases through 1990.

In 1990, Dr. Will E. Richardson was appointed vice president of administration for the College. Sometime in 1991 McCarthy began reporting directly to Richardson. Among Richardson's responsibilities was recommending to the president of the College each year whether McCarthy should be reappointed.

---

* The Honorable Leonard D. Wexler, United States District Judge for the Eastern District of New York, sitting by designation.

1. Although CUNY is named as a defendant, the parties agree that there is no difference between CUNY and the College for purposes of this action. (JA, 985 n.2)

According to the College, in the spring of 1992, Richardson decided not to recommend McCarthy's reappointment.[2] On April 14, 1992, Richardson gave McCarthy a letter from Charles W. Merideth, president of the College, stating that "I regret to inform you that I will not recommend your reappointment ... effective July 1, 1992." McCarthy appealed the decision. The appeal was denied on June 10, 1992, without explanation. After McCarthy requested an explanation for his non-reappointment, he was informed by the College's personnel department that he was not entitled to an explanation under the terms of the collective bargaining agreement applicable to his position. (JA, 162, 987). McCarthy's discharge was effective July 1, 1992, on which date he was 62 years old.

At approximately the same time plaintiff's employment was terminated, his assistant Donald O'Flaherty was also denied reappointment. O'Flaherty was 54 years old. According to the College, O'Flaherty was terminated for budgetary reasons. No replacement was hired for him.

Following McCarthy's termination, his position remained unfilled for approximately ten months. On April 8, 1993, Merideth recommended to the Board of Trustees that John Peterkin be appointed to the post. Peterkin was 64 years old at the time of his hiring, i.e., two years older than McCarthy at the time of McCarthy's termination. Peterkin resigned after five months. He was replaced by James Hall, whose age was not established, but who is conceded to be younger than plaintiff.

Plaintiff brought this action in October 1993 alleging, inter alia, that defendant terminated his employment on the basis of his age and race in violation of the ADEA and Title VII, 42 U.S.C. § 2000e et seq. The claims were tried to a jury before Judge Leisure. At trial, the College ex-

plained the decision not to reappoint McCarthy on a number of grounds, including his perceived lack of qualification to help lead a CUNY system-wide effort to improve its security policies, financial constraints, and tension between McCarthy and his former assistant, O'Flaherty. In addition, in a letter submitted to the New York State Division of Human Rights before trial, the College offered these additional explanations for McCarthy's termination: McCarthy's failure to work more hours and/or different shifts in order to maintain a "presence" on campus throughout a greater portion of the day; his lack of sensitivity to the budgetary consequences of his staffing decisions; his handling of a 1991 student demonstration at the College; and his lack of "knowledge of or interest in certain advanced security devices, such as an automated entry system, sophisticated cameras, and tracking systems to track officers' coverage."

At the close of plaintiff's case-in-chief, the College moved for judgment as a matter of law, arguing, with respect to the ADEA claim, that "there has been no evidence to substantiate his claim that age was a factor in the decision to nonreappoint him." The district court reserved decision on the motion. On June 17, 1997, the jury found in favor of defendant on the Title VII claim but in favor of McCarthy on the ADEA claim, and awarded him $400,000.

After the verdict, defendant renewed its motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). Judge Leisure granted the motion on the ground that "there was no evidence that could, directly or indirectly, support a rational conclusion that defendant's action was motivated by age discrimination." See McCarthy v. New York Technical Coll.,

---

**2.** Richardson failed to complete a written performance evaluation for McCarthy in 1992. The final performance report on McCarthy, which was dated February 6, 1991 and was

prepared by Smith and reviewed by Richardson, rated McCarthy's performance as "excellent."

1997 WL 540811, at *4 (S.D.N.Y. Sept.3, 1997).

This appeal followed.

## DISCUSSION

■ Where a district court has vacated a jury's verdict in favor of the plaintiff and granted judgment to the defendant as a matter of law based on the insufficiency of the plaintiff's evidence, the question we face on review is the same as the one considered by the district judge—whether, drawing all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of plaintiff, the evidence is sufficient to support a reasonable jury finding in plaintiff's favor. *See In re Joint Eastern & Southern District Asbestos Litigation,* 52 F.3d 1124, 1131 (2d Cir.1995).

The ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual [of at least 40 years of age] or otherwise discriminate against any [such] individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see id.* § 631(a).

■ Plaintiff claims that his age was a motivating factor in the College's decision not to reappoint him as Director of Security. As the defendant offered other explanations for terminating McCarthy, he "must present evidence sufficient to allow a rational factfinder to infer that the employer was actually motivated in whole or in part by age discrimination." *Grady v. Affiliated Central, Inc.,* 130 F.3d 553, 560 (2d Cir.1997); *see also Fisher v. Vassar Coll.,* 114 F.3d 1332, 1335–36 (2d Cir.1997) (in banc).

■ Viewing the record in the light most favorable to plaintiff, we agree with the district judge that there was insufficient evidence from which a jury could rationally infer that the College terminated him because of his age. Plaintiff argues that such an inference could be based on the fact that, at approximately the same time it terminated his employment, the College also fired his assistant, O'Flaherty, who was 54 years old. However, the force of the contention that O'Flaherty was fired because of age discrimination—instead of for budgetary reasons, as claimed by the College—is substantially undercut by the fact that the College never sought or hired a replacement for O'Flaherty. Moreover, considered as statistical evidence, plaintiff's "sample" of two was clearly "insufficient to sustain a reasonable inference that [McCarthy's] treatment by the [College] was motivated by discriminatory intent." *Pollis v. New Sch. for Soc. Research,* 132 F.3d 115, 121 (2d Cir.1997); *see also Haskell v. Kaman Corp.,* 743 F.2d 113, 121–22 (2d Cir.1984). McCarthy points to the fact that six more employees under Richardson's supervision were terminated. Although no evidence was introduced regarding the age of any of these employees, McCarthy argues the jury could "infer" that they were in the protected class and were fired because of their age. There is no merit to the argument. Plaintiff cannot satisfy his burden of showing the defendant acted from age-based discrimination by simply asking that we assume facts that might support an inference of such discrimination.

■ Finally, McCarthy's replacement Peterkin was older than McCarthy. Replacement by an older person may not necessarily be fatal to an age discrimination claim if, for example, a plaintiff can show that his age was the true motivation and the older replacement was hired temporarily as a means of insulating defendant from ADEA liability. *See, e.g., Greene v. Safeway Stores, Inc.,* 98 F.3d 554, 561–62 (10th Cir.1996); *Haskell,* 743 F.2d at 122. But McCarthy introduced no evidence that Peterkin was hired for such reason. The mere fact that Peterkin left after a brief employment gives little support to the inference that his employment was a subterfuge to disguise age discrimination.

Plaintiff contends that, because the jury rejected the reasons given by the College for dissatisfaction with McCarthy, "one could reasonably infer, from this fact alone, the College's reasons for firing McCarthy were discriminatory." In *Fisher v. Vassar Coll.*, 114 F.3d 1332, 1344–45 (2d Cir.1997)(in banc), the trial judge sitting as factfinder had rejected the numerous reasons given by Vassar College for not granting a tenured professorship to the plaintiff. We ruled that the mere fact of a pretext will not support a verdict of discrimination unless the circumstances make the finding reasonable. *See id.* at 1339. Rather, a plaintiff alleging prohibited discrimination may prevail only if the totality of the evidence, viewed in the light most favorable to the plaintiff, supports a reasonable inference that the employer's true reason was the alleged discrimination. *See id.; see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 517, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). That an employer gives a pretextual reason for its action may indeed give support to the inference of prohibited discrimination. Depending on the circumstances, an employer's resort to pretext may give the plaintiff strong support. But, as we explained in *Fisher,* the reasons why an employer may give pretextual reasons to explain an adverse personnel action can be so numerous that the mere fact of a pretextual explanation, without circumstances suggesting that the true motivation was what plaintiff claims, does little to support a plaintiff's case. An employer's assertion of false reasons does not eliminate the requirement that the evidence, considered in its entirety, including any inference reasonably drawn from the falsity of the proffered reasons, must be capable of supporting a reasonable finding that the true reason was the prohibited discrimination plaintiff alleges. Here, there was insufficient evidence to support a reasonable inference that the employer's actions were motivated by the plaintiff's age.

In short, the several scraps of evidence on which the plaintiff's case depends do not sufficiently support the inference that the defendant acted by reason of the plaintiff's age. We have considered them, as we must, in the aggregate, and conclude that, taken together, they do not support a reasonable jury finding in plaintiff's favor.

We write further to comment on Judge Newman's discussion of the standards an appellate court must utilize when reviewing a jury verdict and when reviewing a judge's decision after a bench trial. **Opinion of Newman, J., concurring, post, at 168, n.1.** We agree entirely with Judge Newman's assertion that, when an appellate court is reviewing a verdict in favor of the party that bears the burden of proof, and the issue is whether the evidence was legally sufficient to sustain the verdict, the standard of review is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial. While we do not appear to have directly stated this point in the past, it follows inevitably from a set of familiar rules.

A point that has been made by this Circuit numerous times in various contexts is that whenever a court is called upon to evaluate the sufficiency of a party's evidence on an issue for which that party bears the burden of proof-whether before verdict or after—the standard is the same. *See, e.g., Securities and Exchange Comm. v. Warde*, 151 F.3d 42, 46 (2d Cir.1998) ("test is the same" for appellate court reviewing jury verdict "as it would be if the question were whether the case should have been permitted to go to the jury"); *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 161 (2d Cir.1998) (when assessing motion for judgment as a matter of law, "same standard governs in district court and on appeal"); *Eastman Machine Co. v. United States*, 841 F.2d 469, 473–74 (2d Cir.1988) (standard the same on motions for directed verdict, for judgment as a matter of law after an adverse jury verdict, and for summary judgment); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986) (standard for granting summary judgment "mirrors the standard for a directed verdict"). Whether the issue is broached on a motion for summary judgment (before trial), on a motion for a judgment as a matter of law (at trial but prior to submission to the fact finder), on a motion for a judgment as a matter of law after a jury verdict, or on appeal after .trial, the question is always whether, after "drawing all reasonable inferences in favor of the non-moving party and making all credibility assessments in his favor, there is sufficient evidence to permit a rational juror to find in his favor." *Sir Speedy, Inc. v. L & P Graphics Inc.,* 957 F.2d 1033, 1039 (2d Cir.1992); *see also Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. 2505 ("[T]he judge must ask ... whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented[,] ... whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict...."); *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 200 (2d Cir.1999) (standard to grant summary judgment is whether there is "sufficient evidence for a reasonable jury to conclude that [defendant] discriminated.") As to grants of summary judgment before trial, we have never made a distinction based on whether the case was to be tried to a judge or jury. Nor could such a distinction be justified. Since the standard turns on whether the evidence can *reasonably* support a finding in plaintiff's favor, and reasonableness is the same whether exercised by judge or jury, the standard is the same.

■ We conclude that regardless whether the issue arises prior to trial, before verdict, after verdict, or on appeal, and regardless whether the factfinder is judge or jury, the standard governing the question of sufficiency of evidence needed to sustain a verdict in favor of the party bearing the burden of proof is one and the same-whether a finding in the party's favor can reasonably be based on the evidence.

■ We held in *Fisher,* in the context of a bench trial, that a plaintiff's satisfaction of the diminished prima facie test of *McDonnell Douglas,* coupled with a showing that the employer's proffered explanation is false, does not necessarily add up to sufficient evidence to sustain a verdict in plaintiff's favor. There is no special rule for testing sufficiency of evidence in a discrimination case. As in all other cases, the reviewing court must appraise the evidence in totality to assess whether it reasonably supports a finding of the alleged prohibited discrimination. We therefore make clear that the holding of *Fisher* summarized above applies equally regardless whether the questioned verdict in plaintiff's favor was rendered by judge or jury.

*CONCLUSION*

The judgment of the district court is affirmed.

JON O. NEWMAN, Circuit Judge, concurring:

Since this is one of the very few instances, after this Court decided *Fisher v. Vassar College,* 114 F.3d 1332 (2d Cir.1997) (in banc), in which we have rejected a plaintiff's jury verdict in a Title VII case, I wish to add a few words of explanation. In *Fisher,* the in banc court considered the issue of whether a finding that the employer's proffered reasons for an adverse employment action were false ("pretextual" in Title VII parlance) was sufficient to permit a fact-finder to infer discrimination. The majority ruled that a pretext finding does not necessarily permit the fact-finder to draw a reasonable inference of discrimination. *See id.,* 114 F.3d at 1337–38. The dissenters substantially disagreed, believing that the fact-finder was entitled to infer discrimination from the proffer of a false explanation, except in the "rare" case where "the probative force of a pretext finding has been substantially diminished or even eliminated" by "evidence in the

record." *Id.* at 1368–74 (Newman, then C.J., with whom Winter, Kearse, and Cabranes, JJ., join, dissenting).

*Fisher* provided little illumination as to which circumstances would be legally insufficient to permit a fact-finder to infer discrimination from an employer's proffer of a false explanation, because the in banc court, considering only broad principles concerning Title VII law, explicitly declined to make any ruling as to the legal sufficiency of the evidence in that case. *See id.* 114 F.3d at 1347. It was the panel decision that rejected the District Judge's finding of discrimination, *see Fisher v. Vassar College*, 70 F.3d 1420, 1448 (2d Cir.1995), even though the panel left undisturbed the District Judge's finding of pretext, *see id.* at 1437.

In the pending case, Judge Leval's opinion makes clear that a pretext finding does not lack evidentiary significance. As with all evidence, the available inference from a finding of pretext will depend on the relevant circumstances. And, as he helpfully explains:

> That an employer gives a pretextual reason for its action may indeed give support to the inference of prohibited discrimination. Depending on the circumstances, an employer's resort to pretext may give the plaintiff strong support.

202 F.3d at 166. Nevertheless, the Court rules that the particular aggregate of scant evidence in this case is legally insufficient, even with an available adverse inference from the employer's proffer of false explanations.

For me, it is a very close question whether the minimal evidence in this case, considered in light of the in banc decision in *Fisher*, is legally sufficient to support the jury's verdict. I would much prefer to have upheld the jury's verdict, applying literally what the Supreme Court said in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993):

> [R]ejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination, and ... no additional proof is *required.*

*Id.* at 511, 113 S.Ct. 2742 (emphases in original) (internal quotation marks, footnote, and brackets omitted). But the in banc decision in *Fisher* concluded that in the context of the *St. Mary's* opinion, the quoted sentence, "properly understood," is not to be applied literally, *see Fisher*, 114 F.3d at 1343, and that decision precludes the literal reading I would have preferred. Bound by that decision, I therefore agree that this is one of those cases (I hope few in number) where a jury's verdict in favor of a Title VII plaintiff must be set aside because the evidence is legally insufficient.[1]

---

1. In the pending appeal, appellate review of the sufficiency of the evidence is in one respect different and in another respect similar to the analytical framework of *Fisher*. The panel that rejected the *District Judge's finding* of discrimination in *Fisher* was entitled to do so upon concluding that this finding was "clearly erroneous," Fed.R.Civ.P. 52(a), a standard met when the reviewing court is "left with the 'definite and firm conviction that a mistake has been committed.'" *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 855, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). In the pending case, however, Seventh Amendment considerations permit us (and the District Court) to reject the *jury's verdict* only if we conclude that "there is no legally sufficient evidentiary basis for a reasonable jury," Fed. R.Civ.P. 50(a), to have found in favor of the plaintiff. As the Supreme Court has cautioned, "[T]he judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.... The

judge's inquiry ... asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (equating standard for judgment as a matter of law with standard for summary judgment). The difference between being firmly convinced that a mistake has been made and concluding that a reasonable jury could not find for the plaintiff is probably easier to articulate than to implement, and I suspect that many appellate panels that reject a trial judge's finding as clearly erroneous would also reject the same finding if made by a jury. Nevertheless, it remains the law that a jury's verdict is entitled to somewhat more deference than a trial judge's finding. *See Concrete Pipe & Products of California, Inc. v. Construction Laborers Pension Trust,* 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) ("[R]eview under the 'clearly erroneous' standard is significantly deferential ...

[a]nd application of a reasonableness standard is even more deferential than that...."); *United States v. Aluminum Co. of America,* 148 F.2d 416, 433 (2d Cir.1945) (appellate court "will hesitate less to reverse the finding of a judge than that of ... a jury").

The *Fisher* case and the pending case are similar, however, in that in both cases, as in all civil cases, the plaintiff is not entitled to prevail if the evidence is legally insufficient to support a reasonable finding in the plaintiff's favor, *i.e.,* insufficient to permit a fact-finder to consider the plaintiff's claim. In other words, if the evidence is legally insufficient, the plaintiff may not prevail whether the case is tried to the court or the jury. However, if the evidence satisfies the threshold of legal sufficiency, then a plaintiff's favorable jury verdict is immune from appellate rejection, but a plaintiff's favorable bench trial finding might still be rejected on appeal under the slightly less deferential standard of "a firm conviction" of a "mistake."