**Ellen FITZGERALD, Plaintiff–Appellant–Cross–Appellee,**

**v.**

**FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P., Defendant–Appellee–Cross–Appellant.**

**Docket Nos. 01–7256, 01–7322.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2002.

Debra L. Raskin, Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, for Appellant.

John J. Witmeyer III, Ford, Marrin, Esposito Witmeyer & Gleser, L.L.P, New York, NY, pro se.

Present: LEVAL, and CALABRESI

Circuit Judges, STEIN, District Judge.*

## SUMMARY ORDER

**IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **REVERSED.**

Plaintiff Ellen Fitzgerald appeals from the court's entry of judgment as a matter of law in favor of defendant, overturning a jury verdict in favor of the plaintiff. Plaintiff's action against her former employer alleged hostile environment and constructive discharge constituting unlawful sex discrimination in violation of Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e *et seq.,* New York State Human Rights Law, Executive Law § 296 *et seq.;* and Administrative Code of the City of New York § 8–101 *et seq.* The jury found for Fitzgerald on the hostile environment claim and awarded $80,000 in compensatory damages. Following the verdict, the court granted defendant's motion for a judgment as a matter of law, concluding that the evidence viewed in the light most favorable to Fitzgerald, did not show a hostile environment "sufficiently severe or pervasive so as to alter the conditions of Fitzgerald's employment," as required by *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

In reviewing a district court's grant of a judgment as a matter of law under Rule 50(b), we apply the same standard as the district court. *Eagleston v. Guido,* 41 F.3d 865, 875 (2d Cir.1994). Such a judgment is proper only if the evidence cannot reasonably support a verdict in favor of the non-moving party. *McCarthy v. New York City Technical College,* 202 F.3d 161, 165 (2d Cir.2000); *Fisher v. Vassar Coll.,* 114 F.3d 1332, 1346 (2d Cir.1997).

In passing on such a motion, a court is obligated to assess the evidence in the light most favorable to the non-moving party. Although the court stated that it "assume[d] the correctness of Fitzgerald's version of the facts," the court on numerous instances construed significant evidence in a light more favorable to the defendant-employer. As examples, notwithstanding Fitzgerald's testimony that she was offended by her supervisor's conduct toward her and had a poor working relationship with him, coupled with the supervisor's own testimony that their relationship was "going to hostilities" and that he refused to work with her, the court found that Fitzgerald had a "comfortable working relationship" with the supervisor and that he was "highly supportive."

Where Fitzgerald testified to the effect that her socializing with various coworkers who harassed her represented her effort to make the best of her employment situation, the court construed this evidence as showing that her relationship with the coworkers was friendly.

As for Fitzgerald's evidence that her supervisor repeatedly called her "butch" and "dyke," the court treated these events as a joke of no significance for plaintiff's claim of sexual harassment on the ground that no one in fact "thought that Fitzgerald was a lesbian." **A 2697**

And where an associate sent Fitzgerald an email saying "you know who to come to and I can take care of you," the court dismissed this as "crude humor" without significance for the sex discrimination

---

claim, because there was no indication he was in fact propositioning her.   A 2703

As to these and other matters, the jury could have found that the defendant's conduct did not have the innocuous cast that the district court put on it, but rather represented successful efforts to belittle and humiliate Fitzgerald by reason of her gender.

The evidence furthermore included several instances in which lawyers, including partners, made remarks belittling female lawyers.  It was suggested that one female lawyer had become a partner only by rendering sexual favors.

Viewing the evidence in the light most favorable to the plaintiff—as the jury was entitled to do—we have no doubt that the jury could reasonably find a gender biased pattern of discriminatory conduct constituting a hostile work environment in violation of Title VII.

Defendant makes a cavalcade of other arguments which, it asserts, justify a directed verdict in its favor, or, at a minimum, a new trial.  We have considered all of these, and find them to be without merit.  Accordingly, and because we find that the jury verdict in plaintiff's favor was properly supported by the evidence, we direct that the jury verdict be reinstated.