Donna K. ERICSON, Plaintiff–Appellant,

v.

CITY OF MERIDEN, Mark G. Zebora, Caroline A. Ware a/k/a Caroline Beitman, and Richard L. Graham, Defendants–Appellees.

No. 02–7076.

United States Court of Appeals, Second Circuit.

Dec. 23, 2002.

Craig T. Dickinson, Madsen, Prestley & Parenteau, LLC, Hartford, CT., for Appellant.

Anne N. Walker, Pepe & Hazard LLP, Hartford, CT., for Appellees.

PRESENT: LEVAL, CALABRESI, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER ·

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the day of two thousand and two.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Donna Ericson is an employee of the defendant-appellee, the city of Meriden, Connecticut. She brought this action in the United States District Court for the District of Connecticut (Goettel, *J.*), alleging gender-based harassment and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* Ericson appeals from the judgment, vacating a $275,000 jury verdict in her favor and granting judgment as a matter of law to the defendant. She also appeals the district court's conditional grant of defendant's motion for a new trial in the event the grant of JMOL to the defendant is reversed, and the pre-trial dismissal under Rule 12(b)(6) of plaintiff's two claims under 42 U.S.C. § 1983 alleging violations of her rights under the first and fourteenth amendments.

"Where a district court has vacated a jury's verdict in favor of the plaintiff and granted judgment to the defendant as a matter of law based on the insufficiency of the plaintiff's evidence, the question we face on review is the same as the one considered by the district judge – whether, drawing all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of plaintiff, the evidence is sufficient to support a reasonable jury finding in plaintiff's favor." *McCarthy v. N.Y. City Technical Coll.*, 202 F.3d 161, 165 (2d Cir.2000) (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 52 F.3d 1124, 1131 (2d Cir.1995)). Applying this standard, we believe the district court correctly concluded that Ericson failed to present evidence sufficient to sustain her claim of retaliation.

To establish a retaliation case under Title VII, a plaintiff must show that (1) she engaged in protected activity known to the defendant, (2) she suffered an adverse employment action, and (3) the adverse action

was substantially motivated by a desire to retaliate for the protected activity. *See, e.g., Tomka v. Seiler Corp.,* 66 F.3d 1295, 1308 (2d Cir.1995). Ericson's claim at trial (and on appeal) was that she was harassed by her male co-workers and was later punished by her superiors in retaliation for a complaint she made about her colleagues' viewing of a lewd videotape in the employees' break room. While it was certainly clear that Ericson's co-workers retaliated against her, there was no showing that the conduct for which she was harassed constituted activity protected by Title VII. She had not complained that the watching of the videotape was an affront to her gender, and she acknowledged that it was not sexual harassment. Moreover, the evidence failed to show that the city's responses to Ericson's complaints were adverse employment actions. For these reasons, the grant of judgment as a matter of law is affirmed.

As for the two pre-trial rulings dismissing plaintiff's § 1983 claims under Rule 12(b)(6), we review such dismissals de novo, construing all disputed facts and drawing all inferences in favor of the plaintiff. *See Leather v. Ten Eyck,* 180 F.3d 420, 423 (2d Cir.1999). While the dismissal of the first amendment claim was perhaps precipitous, any error was ultimately harmless. Even if the plaintiff could have established at trial that her speech touched on a matter of public concern and was thus constitutionally protected, *see, e.g., Pappas v. Giuliani,* 290 F.3d 143, 146 (2d Cir.2002), she failed to show an adverse employment action. Ericson's fourteenth amendment claim was properly dismissed because the complaint alleged neither improper classification nor disparate treatment of similarly situated individuals.

Ericson's appeal of the district court's conditional grant of a new trial is dismissed as moot.

For the reasons set forth above, the decision of the district court is hereby AFFIRMED.