Jeffrey D. SILVERSTEIN, as Executor of the Estate of Marvin Silverstein, Plaintiff—Counter–Defendant—Appellant,

v.

Rita CHASE and Jack Chase, Defendants—Counter–Claimants—Appellees,

Smith Barney, Inc., Defendant.

Docket No. 02–7863.

United States Court of Appeals, Second Circuit.

March 28, 2003.

Jack Yoskowitz, New York, New York, for Plaintiff—Counter–Defendant—Appellant.

Norman I. Klein, Carlet, Garrison, Klein & Zaretsky, New York, New York, for Defendants—Counter–Claimants—Appellees.

Present: VAN GRAAFEILAND, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-counter-defendant-appellant Jeffrey Silverstein, as Executor of the Estate of Marvin Silverstein, appeals from a final judgment dated June 21, 2002 in the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge*), dismissing Plaintiff's complaint with prejudice. The current appeal represents a repeat appearance by these parties before this Court after we remanded on an evidentiary ruling deemed to have been error. The current appeal asks this Court to again review an evidentiary ruling by the district court and to also examine whether the evidence at trial reasonably supports the district court's judgment in favor of defendants-counter-claimants-appellees Rita Chase and Jack Chase (the "Chase defendants").

The district court's evidentiary ruling on remand admitted, pursuant to Fed. R.Evid. 803(15), a document entitled "Cancellation of Indebtedness" ("COI"). A district court's evidentiary rulings are reviewed for abuse of discretion. *Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir.2001). We will not disturb such rulings absent clear evidence that the ruling was predicated on legal error or a clearly erroneous evidentiary assessment. *Hester Indus. Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 915–16 (2d Cir.1998), *cert. denied*, 526 U.S. 1131, 119 S.Ct. 1805, 143 L.Ed.2d 1009 (1999). As we stated previously, "[t]he requirements for admissibility under Rule 803(15) are that the document is authenticated and trustworthy, that it affects an

interest in property, and that the dealings with the property since the document was made have been consistent with the truth of the statement." *Silverstein,* 260 F.3d at 149 (citations omitted). Based on the record evidence, we find no legal or factual error in the district court's ruling admitting the COI into evidence. Accordingly, there was no abuse of discretion.

Turning to whether the judgment in favor of the Chase defendants "can reasonably be based on the evidence," *McCarthy v. New York City Technical College of the City University of New York,* 202 F.3d 161, 167 (2d Cir.2000), Fed.R.Civ.P. 52(a) requires that we apply clear error review to the factual determinations made by the district court *qua* fact finder. *See Aramony v. United Way Replacement Benefit Plan,* 191 F.3d 140, 148 (2d Cir.1999) (citations omitted). As an initial matter, we note the vast majority of factual determinations made by the district court in the course of making the aforementioned evidentiary ruling are also the very factual determinations which the district court found dispositive on Plaintiff's claims and the Chase defendants' counterclaim. As above, we find no clear error in the district court's factual findings. Given, among other things, the unequivocal recitations contained in the COI, we conclude that the judgment was reasonably based on the evidence presented at trial.

On appeal, Plaintiff also raises claims and defenses highlighting irregularities in the transfer of the securities to Rita. Plaintiff's general position is that, ultimately, the COI was not binding and could not have effectuated a transfer of the securities. These claims and defenses were not timely raised below. Plaintiff did not assert them until well after the conclusion of trial in legal memoranda submitted to the district court and the record does not support Plaintiff's contention that this

was the earliest practicable time at which to do so. Accordingly, Plaintiff's claims and defenses have been waived and we will not consider them. *See Lo Duca v. United States,* 93 F.3d 1100, 1104 (2d Cir.), *cert. denied,* 519 U.S. 1007, 117 S.Ct. 508, 136 L.Ed.2d 399 (1996).

For the reasons stated above, the district court's judgment in favor of the Chase defendants and dismissing Plaintiff's claims is hereby AFFIRMED.